UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY L. HANEL,

                Plaintiff,

      v.                                      **DECISION AND ORDER**
                                                         11-CV-905S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      Plaintiff Tammy L. Hanel, who is represented by counsel, challenges an Administrative Law Judge's ("ALJ") decision, dated June 23, 2011, wherein the ALJ determined that she is not disabled within the meaning of the Social Security Act.  On March 22, 2012, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket No. 6.)  This Court directed Plaintiff to respond to Defendant's motion by April 23, 2012.  (Docket No. 8.)

      2.      One day after her response was due, Plaintiff, through counsel, filed a motion for an extension of time to respond to Defendant's motion.  (Docket No. 9.)  This Court granted Plaintiff's motion and extended her time to respond to May 25, 2012.  (Docket No. 10.)  Plaintiff failed to respond without explanation.

      3.      On July 26, 2012, this Court *sua sponte* extended Plaintiff's time to respond to August 6, 2012, and warned Plaintiff that her failure to file a response could result in Defendant's motion being granted as uncontested or her case being dismissed for failure to prosecute.  (Docket No. 11.)  Plaintiff failed to respond as directed.

      4.      On September 12, 2012, this Court again *sua sponte* extended Plaintiff's time to respond to September 26, 2012, and again warned Plaintiff that her failure to file a response could result in Defendant's motion being granted as uncontested or her case being dismissed for failure to prosecute. (Docket No. 12.)  This Court also warned Plaintiff

that this was her final opportunity to respond to Defendant's motion. Again, Plaintiff failed to respond as directed, without explanation. Almost seven months have passed since Defendant filed his motion and Plaintiff still has not filed a response.

5. A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Secretary of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

6. Plaintiff's complaint in this action does not identify any error in the ALJ's decision beyond the template allegation that the decision is legally erroneous or not supported by substantial evidence in the record. (Docket No. 1.) And as indicated, Plaintiff has not opposed Defendant's Motion for Judgment on the Pleadings, despite having almost 6 months to do so. Defendant's motion is therefore granted as uncontested.

7. In addition, despite Plaintiff's failure to properly prosecute this case or oppose Defendant's motion, this Court has examined the ALJ's decision and the administrative record as a whole, and finds that substantial evidence supports the ALJ's decision. The ALJ's decision reflects a thorough examination of the medical evidence of record. The ALJ specifically considered and discussed the medical evidence and opinions of the treating

and examining psychiatrists and other physicians.  The ALJ considered this evidence, along with the other evidence in the record, including evidence of Plaintiff's substance abuse, to conclude that Plaintiff is not disabled within the meaning of the Act.

8. Accordingly, for the foregoing reasons, this Court also finds that the ALJ's decision is supported by substantial evidence and is free from legal error.  See Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982) (per curiam) (an ALJ's decision should be upheld so long as the court can fathom the ALJ's rationale in relation to the evidence in the record).  Defendant's Motion for Judgment on the Pleadings is therefore also granted on the merits.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.


Dated:   October 21, 2012
          Buffalo, New York

                                       /s/William M. Skretny
                                   WILLIAM M. SKRETNY
                                          Chief Judge
                               United States District Court